UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON R. SULLIVAN,

              Plaintiff,

  v.

WILLIAM AURICH et al.,

             Defendant.

Case No. C21-5433-TSZ-SKV

ORDER DENYING PLAINTIFF'S
MOTION TO APPOINT COUNSEL

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court on Plaintiff's Motion to Appoint Counsel, Dkt. 23. The Court, having reviewed Plaintiff's Motion and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's Motion, Dkt. 23, is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court can request counsel to represent a party proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1), the Court may only do so under exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the

ORDER DENYING PLAINTIFF'S MOTION TO
APPOINT COUNSEL - 1

likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331.

In support of his Motion, Plaintiff argues (1) he is unable to afford counsel, (2) he is likely to succeed on the merits of his claim, and (3) litigating this case will require him to retain and prepare to question expert witnesses, as well as to prove Defendants' states of mind, all of which may be hampered by his health problems and lack of legal education.  Dkt. 23 at 2–3.

Plaintiff's inability to afford counsel does not constitute an exceptional circumstance sufficient to warrant appointment of counsel.  Further, the record belies Plaintiff's assertion that this action is too complex for Plaintiff to litigate without assistance.  Plaintiff presents a relatively straightforward claim that staff at the Clallam Bay Corrections Center unlawfully refused to provide him with his medication between June 5, 2020 and June 8, 2020.  *See* Dkt. 20.  Plaintiff's claim is limited in time and scope, and he has demonstrated his ability to articulate the legal and factual bases for his claim, in spite of his ongoing health issues and lack of legal training.  Finally, while the allegations in Plaintiff's complaint are sufficient to demonstrate that this case should proceed beyond the pleading stage against certain Defendants, they are not sufficient for the Court to draw any conclusions regarding Plaintiff's likelihood of success on the merits.

Based on the information currently before it, the Court concludes Plaintiff has not demonstrated that his case involves exceptional circumstances warranting the appointment of counsel.  Plaintiff's Motion to Appoint Counsel is therefore denied.

/ / /

/ / /

/ / /

ORDER DENYING PLAINTIFF'S MOTION TO
APPOINT COUNSEL - 2

(2) The Clerk is directed to send copies of this Order to the parties and to the Honorable Thomas S. Zilly.

Dated this 31st day of August, 2021.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION TO
APPOINT COUNSEL - 3