UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON R. SULLIVAN,<br><br>               Plaintiff,<br><br>   v.<br><br>WILLIAM AURICH et al.,<br><br>               Defendant. | Case No. C21-5433-TSZ-SKV<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL |

This is a civil rights action brought under 42 U.S.C. § 1983.  This matter comes before the Court on Plaintiff's Second Motion to Appoint Counsel.  Dkt. 31.  Plaintiff's previous Motion to Appoint Counsel, Dkt. 23, was denied on August 31, 2021.  *See* Dkt. 30.  Plaintiff filed the present Motion two days later, asserting that COVID-19 restrictions put in place at his institution, Clallam Bay Corrections Center, on August 27, 2021, have hindered his ability to prosecute this case because they have limited his access to the law library.  *See* Dkt. 31 at 1–6.  Plaintiff also asserts that, in addition to the COVID-19 restrictions, appointment of counsel is warranted because his case has merit and presents complex legal challenges, including that it will be tried in front of a jury, raises Eighth Amendment issues, requires assessment of Defendants' states of mind, and is likely to involve expert witnesses.  *Id.* at 6–13.  Finally, Plaintiff contends

appointment of counsel is necessary because the Department of Corrections ("DOC") is "causing delays and responding to grievances late." *Id.* at 13.

Defendants oppose Plaintiff's Motion, arguing he has not demonstrated the exceptional circumstances required for appointment of counsel because (1) the COVID-19 restrictions in question are temporary and have not hindered Plaintiff's ability to file the present Motion, and (2) Plaintiff's case lacks merit because it involves a dispute between him and his medical providers over the course of his treatment, which does not give rise to an Eighth Amendment claim. Dkt. 32 at 2–4.

As Plaintiff was previously advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

To the extent Plaintiff claims that COVID-19 restrictions have hindered his ability to litigate this case, the Court observes that on September 16, 2021—after the COVID-19 restrictions were put in place—Plaintiff filed a lengthy opposition, Dkt. 33, to Defendants' pending Motion for Judgment on the Pleadings, Dkt. 27.[1] This effectively undermines his claim. The Court also observes that Plaintiff has demonstrated ample ability to articulate his claims and

---

[1] Plaintiff also filed the present Motion, Dkt. 31, and a reply in support of the present Motion, Dkt. 34, after the COVID-19 restrictions were put in place.

ORDER DENYING PLAINTIFF'S SECOND
MOTION TO APPOINT COUNSEL - 2

legal arguments without the assistance of counsel, and that the legal issues involved in this case do not appear to be particularly complex, despite Plaintiff's assertions to the contrary.

With respect to Plaintiff's assertions that counsel is necessary to try his case in front of a jury and to retain and prepare for expert testimony, he has identified challenges that are typical of those faced by pro se litigants in general and by prisoners litigating actions from within the confines of a correctional facility. These types of challenges do not, by themselves, constitute extraordinary circumstances. Further, with respect to Plaintiff's argument that the DOC is delaying in responding to his grievances, he has failed to articulate how appointing counsel might remedy this problem. Finally, Defendants have called into question Plaintiff's assertion that he is likely to succeed on the merits of his claims, and the record is not yet sufficiently developed for the Court to determine the matter.

In sum, Plaintiff has not demonstrated that his case involves exceptional circumstances warranting the appointment of counsel. Plaintiff's Second Motion to Appoint Counsel, Dkt. 31, is therefore denied. The Clerk is directed to send copies of this Order to the parties and to the Honorable Thomas S. Zilly.

Dated this 29th day of September, 2021.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S SECOND
MOTION TO APPOINT COUNSEL - 3