UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON R. SULLIVAN,

               Plaintiff,

    v.

WILLIAM AURICH et al.,

              Defendants.

Case No. C21-5433-TL-SKV

ORDER GRANTING PLAINTIFF'S MOTION FOR CONTINUANCE

## I.    INTRODUCTION

Plaintiff is a state prisoner who is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. This matter comes before the Court on Plaintiff's Motion for a 60-day continuance, Dkt. 73, to file Objections to the Court's pending Report and Recommendation, Dkt. 67. Having considered the briefing and the relevant record, and finding good cause, the Court hereby GRANTS Plaintiff's Motion for the reasons stated herein.

## II.    DISCUSSION

Plaintiff, who suffers from sickle cell anemia, filed this lawsuit on June 9, 2021, alleging Defendants violated his Eighth Amendment rights by refusing to provide him with oxycodone during his acute sickle cell pain crises. *See* Dkt. 1-1. On August 27, 2021, Defendants William

Aurich and Eric Nelson filed a Motion for Judgment on the Pleadings, arguing Plaintiff's allegations fail to state a plausible claim for relief against them and asking the Court to dismiss them from this lawsuit.  *See* Dkt. 27.  Subsequently, on October 4, 2021, Plaintiff filed a Motion for Partial Summary Judgment against Defendants Aurich and Nelson.  *See* Dkt. 46.  Because Defendants' Motion for Judgment on the Pleadings was pending at the time of this filing, on October 19, 2021, the Court entered an Order striking the noting date for Plaintiff's Motion for Partial Summary Judgment and staying consideration of the same until after the Court's ruling on Defendants' Motion.  *See* Dkt. 62.

On November 23, 2021, the Court entered a Report and Recommendation which recommends granting Defendants' Motion for Judgment on the Pleadings and dismissing Defendants Aurich and Nelson from this action without prejudice.  *See* Dkt. 67.  The Report and Recommendation also recommends denying Plaintiff's Motion for Partial Summary Judgment as moot.  *See id*.  Objections to the Court's Report and Recommendation initially were due on December 14, 2021.  *Id.* at 15.  However, on December 10, 2021, Plaintiff filed a Motion for Extension of Time, asking the Court to extend the deadline for filing Objections by thirty days.  *See* Dkt. 69.  On December 14, 2021, the Court granted Plaintiff's Motion, extending the Objections deadline to January 13, 2022.  *See* Dkt. 72.  At that time, the Court indicated no further extensions to the Objections deadline would be granted.  *Id.* at 3.

Plaintiff failed to file Objections to the Report and Recommendation by the January 13, 2022, deadline.  Instead, on January 19, 2022, Plaintiff filed the present Motion, asking the Court to extend the Objections deadline by an additional 60 days because the prison's law library has been closed due to COVID-19.  *See* Dkt. 73.  Defendants Aurich and Nelson oppose Plaintiff's

Motion, arguing that because Plaintiff has already had more than 60 days to file his Objections, an additional 60-day extension is unwarranted. Dkt. 74 at 1–2.

Fed. R. Civ. P. 6(b)(1) permits the Court to extend an expired deadline for "good cause" when the party seeking the extension failed to act because of excusable neglect. In spite of Plaintiff's efforts, he has been unable to access the law library due to closures caused by COVID-19. *See* Dkt. 73. While the Court understands Defendants' desire to proceed with this matter in an expeditious fashion, and while it previously indicated no further extensions to the Objections deadline would be granted, the recent surge in COVID-19 cases has resulted in unexpected and far-reaching impacts on the prison system, including extended closures of prison facilities like law libraries. *See* Dkt. 73-1. Plaintiff is unable to effectively object to the Report and Recommendation without law library access, and his failure to comply with the Objections deadline is excusable. Given this, the Court finds good cause for granting Plaintiff's Motion and ORDERS that the Objections deadline to the Report and Recommendation, Dkt. 67, be extended **sixty (60) days** from the date of this Order to **April 16, 2022**.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Continuance, Dkt. 73, is GRANTED. The Clerk is directed to re-note the Objections deadline to **April 16, 2022**. The Clerk is also directed to send copies of this Order to the parties and to the Honorable Tana Lin.

Dated this 15th day of February, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR
CONTINUANCE - 3