UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON R. SULLIVAN,

    Plaintiff,

v.

WILLIAM AURICH et al.,

    Defendant.

Case No. C21-5433-TL-SKV

ORDER DENYING PLAINTIFF'S THIRD MOTION TO APPOINT COUNSEL

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court on Plaintiff's Third Motion to Appoint Counsel. Dkt. 76. Plaintiff's previous two motions to appoint counsel, Dkts. 23 & 31, were denied on August 31, 2021, and September 29, 2021, respectively. *See* Dkts. 30 & 36.

Plaintiff, who has sickle cell anemia, filed the present Motion on March 9, 2022, asserting that COVID-19 places him at "increased risk for suffering severe or fatal consequences if [he] become[s] infected with COVID." Dkt. 76 at 2. Plaintiff notes that he tested positive for COVID-19 on January 22, 2022, after his cellmate tested positive for the virus. *Id.* at 1–2. Per Plaintiff, while the Centers for Disease Control and Prevention recommends that a person who tests positive for COVID-19 be "immediately placed under medical isolation in a separate

environment from other people and medically evaluated[,]" Stafford Creek Corrections Center (SCCC) failed to promptly quarantine his cellmate. *Id.* at 4 (citation omitted). Plaintiff further contends that in spite of repeated attempts to communicate with SCCC staff and medical personnel regarding his sickle cell anemia and COVID-19 concerns, he "has not been seen by medical since his arrival at SCCC to address these issues." *Id.* at 2; *see also id.* at 2–3. Plaintiff acknowledges the law library reopened on March 4, 2022; however, he contends his case presents "extreme conditions which this court should consider, to appoint counsel"—specifically, that he "suffers extreme mental strains, by living in these environments, with the fatal COVID combined with his medical[] condition and no access to medical upon arrival at [SCCC]." *Id.* at 5.

Defendants oppose Plaintiff's Motion, arguing he has not established the exceptional circumstances necessary for the appointment of counsel because (1) Plaintiff has demonstrated his ability to articulate his claims; (2) he is unlikely to succeed on the merits of his claims because his complaint centers on a dispute between him and his medical providers over the course of his treatment, and therefore does not give rise to an Eighth Amendment violation; (3) he has recovered from COVID-19 such that he was able to file the present Motion; and (4) the law library has reopened, meaning there are currently no barriers to Plaintiff's ability to litigate this case. Dkt. 77 at 2–4.

As the Court previously advised Plaintiff, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089,

1093 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331.

Plaintiff has failed to demonstrate the exceptional circumstances necessary for the Court to appoint counsel in this case.  Nothing in Plaintiff's Motion indicates he is less able to articulate his claims now than he was when the Court denied his prior two motions to appoint counsel.  Indeed, Plaintiff confirms that SCCC's law library is now open following an extended COVID-19-related closure, Dkt. 76 at 5, meaning the previous barrier that Plaintiff identified to his ability to litigate this case, *see* Dkt. 31, is no longer in place.  Nor has Plaintiff presented the Court with additional facts or information indicating he is likely to succeed on the merits of his claims.

The Court is sympathetic to Plaintiff's position and does not discount his concerns regarding his risk for severe illness caused by COVID-19.  But Plaintiff has failed to demonstrate how that risk justifies the appointment of counsel under the applicable standard.  Moreover, Plaintiff has already contracted and seemingly recovered from COVID-19, and his illness did not prevent him from filing the present Motion.  This indicates that in spite of previously contracting COVID-19, Plaintiff is able to proceed with this case unassisted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1     Because Plaintiff has not demonstrated that his case involves exceptional circumstances

2 that warrant the appointment of counsel, Plaintiff's Third Motion to Appoint Counsel, Dkt. 76, is

3 DENIED. The Clerk is directed to send copies of this Order to the parties and to the Honorable

4 Tana Lin.

5     Dated this 30th day of March, 2022.

                                                                      S. KATE VAUGHAN
                                                                      United States Magistrate Judge

ORDER DENYING PLAINTIFF'S THIRD
MOTION TO APPOINT COUNSEL - 4