UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON R. SULLIVAN,<br><br>           Plaintiff,<br><br>   v.<br><br>WILLIAM AURICH et al.,<br><br>           Defendant. | Case No. C21-5433-TL-SKV<br><br>ORDER DENYING MOTION TO STAY |

Plaintiff is a state prisoner who is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. On April 8, 2022, Plaintiff moved to stay these proceedings on the ground that he was being moved to King County Jail for court proceedings and would not have access to legal materials he deems "essential to his case." Dkt. 79 at 1. Defendants opposes Plaintiff's motion, arguing he has failed to demonstrate good cause for a stay because (1) he has not explained what documents he believes are essential, meaning the Court cannot evaluate this assertion; (2) he has no federal legal right to bring legal materials with him to King County Jail; and (3) he will have the ability to conduct legal research while at King County Jail. Dkt. 81 at 1–2.

A district court has discretion to stay proceedings in its own court. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In evaluating a request for a stay, the Court considers the competing interests at stake, including the possible damage which may result from a stay, the hardship or inequity a party may suffer in being required to go forward, and "the orderly course of justice measured in terms of simplifying or complicating the issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). *See also Landis*, 299 U.S. at 255 (providing that the party seeking "a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to [someone] else.").

Here, Plaintiff fails to establish a need for the requested stay. While Objections to the Court's November 23, 2021, Report and Recommendation on Defendants' Motion for Judgment on the Pleadings, Dkt. 67, are currently due May 13, 2022, *see* Dkt. 80, Defendants have demonstrated that Plaintiff is able to access King County Jail's law library while in custody there. Dkt. 81 at 2–3. Therefore, his transfer should not impede his ability to prosecute his civil case. Under these circumstances, the Court finds no justification for the stay requested by Plaintiff. Plaintiff's Motion to Stay, Dkt. 79, is therefore DENIED. The Court will, however, extend the Objections deadline by an additional week to May 20, 2022, to allow Plaintiff to schedule time at the Jail's legal research workstations and prepare his Objections.

Plaintiff should further advise the Court of any changes to his location. In the meantime, any future motions, orders, or other materials are to be served on Plaintiff at King County Jail.

The Clerk is directed to re-note the Objections deadline for **May 20, 2022**, and to send copies of this Order to the parties and to the Honorable Tana Lin.

Dated this 9th day of May, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING MOTION TO STAY - 3